DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| AZIEWE KENYATTA CALLWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FERDI'S FOREST, Inc. and ABRAHAM )<br>FERDINAND, President of Ferdi's Forest, Inc. )<br>)<br>Defendants. )<br>) | Civil Action No. 2019-0033 |

**Appearances:**
**Aziewe Callwood,** *Pro Se*
St. Croix, U.S.V.I.


**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Ferdi's Forest, Inc. and Abraham Ferdinand's (collectively "Defendants") "Motion to Dismiss for Lack of Federal Question Jurisdiction" ("Motion to Dismiss") (Dkt. No. 8); Plaintiff Aziewe Kenyatta Callwood's ("Plaintiff") Opposition thereto (Dkt. No. 10); Defendants' Reply (Dkt. No. 11); and Plaintiff's Sur-Reply (Dkt. No. 12).[1] For the following reasons, the Court finds that it lacks subject matter

---

[1] Plaintiff did not seek leave of Court to file a sur-reply, which he is required to do under LRCi 7.1(a). Nonetheless, given that Plaintiff is proceeding *pro se*, the Court will accept the submission. *See Coutino-Silva v. Ramirez,* No. 3:17-cv-00378, 2018 WL 4001294, at *3 n.5 (M.D. Pa. July 12, 2018), *report and recommendation adopted sub nom. Coutinho-Silva v. Ramirez*, No. 3:17-cv-378, 2018 WL 3997352 (M.D. Pa. Aug. 21, 2018) ("Although [Plaintiff] did not seek leave to file a sur-reply brief, given that he is proceeding *pro se*, we will accept his sur-reply brief."); *Paris v. Pennsauken School Dist.*, No. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *1 n.3 (D.N.J. Aug.

jurisdiction over Plaintiff's *Bivens* and 42 U.S.C. § 1983 claims, but has jurisdiction over Plaintiff's federal Fair Labor Standards Act ("FLSA") claim and supplemental jurisdiction over the local claims. Therefore, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff, who worked with Defendant Ferdi's Forest, Inc., brings the instant action *pro se*, asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights have been violated. Plaintiff further alleges a violation of the FLSA; Contract Fraud; Breach of Contract; and Employee Misclassification. (Dkt. No. 1 at 3).

Among other things, Plaintiff alleges that he received an "Independent Contractor Agreement in the disguise as [a] Job Application" from Defendants. *Id.* However, Plaintiff states that he does not have a contractor license, certification, or permit. *Id.* Plaintiff argues that Defendant Ferdinand "misclassified" him as an Independent Contractor. (Dkt. No. 10 at 10). Plaintiff further claims that he received an IRS Form 1099-MISC, which should not be provided to employees. (Dkt. No. 12 at 4). Rather, Plaintiff argues that he should have received a W-2 form, and that he "was deprived of the form *w-2*" by Defendants, which caused him to be "deprived of unemployment benefits, workers compensation, Social Security earnings, Medicare earnings, [and] Federal and State taxes that are to be withheld from the employee by the employer." *Id.* at 4, 5.

Plaintiff also states that Sarah Ferdinand—the business manager of Ferdi's Forest, Inc.— made a false claim to him when she told him that it was "to[o] bad" that he could not "handle the

---

9, 2013) (considering a sur-reply because "[p]laintiffs are *pro se* litigants who may be unfamiliar with the law and motions practice before this Court").

employment," and that she made "cruel [and] unusual" statements to him when she informed him that she hoped he would not be "calling . . . their home for large sums of money." (Dkt. No. 1 at 2, 4). As relief for his various claims, Plaintiff seeks monetary damages, injunctive relief, and "[s]anctions as the Court may deem necessary." *Id*. at 4.

In response, Defendants filed a Motion to Dismiss, wherein they ask the Court to dismiss the action for lack of federal question jurisdiction. (Dkt. No. 8). Defendants assert that Plaintiff worked part-time as a landscaper, and that he signed an "Acknowledgment that he was an independent contractor working for Ferdi's Forest" after "the end of his employment," which is titled "Independent Contractor Agreement." (Dkt. No. 8 at 1-2; Dkt. No. 8-1 at 1). The "Agreement" also states that it "will become effective on 10-26-18, and will end no later than [blank]." (Dkt. No. 8-1 at 1). A note, dated May 2019 and appended to the Motion to Dismiss, states that Plaintiff was a contractor whose relationship with Defendants was terminated on February 27, 2019, and that Plaintiff accepted a gift of $500 "to help him move forward." (Dkt. No. 8-2).

Defendants argue that the Court should dismiss the case under Rule 12(b)(1) for several reasons. First, Defendants argue that *Bivens* is inapplicable, as the case does not involve any "federal actor and there is no action by either the federal or the Territorial government." (Dkt. No. 8 at 2). Second, Defendants assert that they cannot violate Plaintiff's Fifth, Eighth, or Fourteenth Amendment rights because they are private persons and such violations can only occur by state actors, or private persons acting in concert with state actors, which was not alleged. *Id.* at 3-4. Third, Defendants assert that the remaining claims lack a federal nexus. *Id.* at 4. Defendants characterize Plaintiff's claim under the FLSA as a "putative violation[] of the Virgin Islands' Fair Labor Standards Act," citing 24 V.I.C. §§ 1-23 (1997) and *Yutzy v. Super Max Convenience Store*,

No. ST-10-SM-598, 2012 WL 511535 (V.I. Super. Ct. Feb. 13, 2021). *Id.* Defendants assert that Plaintiff's claims for Breach of Contract and the Virgin Islands Fair Labor Standards Act "are, broadly speaking, local common law and statutory tort claims." *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Where—as here—the parties are not diverse, this Court's jurisdiction must be based on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over actions that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). When faced with determining whether the Court has original "arising under" jurisdiction, the "well-pleaded complaint" rule applies under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

Federal question jurisdiction may arise in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)) (internal quotation marks omitted); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012). In those cases, federal courts unquestionably have federal subject matter

jurisdiction. *Gardiner*, 859 F. Supp. 2d at 732 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Second, in a narrower category of cases, "a case may [also] arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Gardiner*, 859 F. Supp. 2d at 732 (quoting *Merrell Dow,* 478 U.S. at 808) (internal quotation marks omitted) (alterations in original).

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. For such challenges to subject matter jurisdiction, the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). An attack under Rule 12(b)(1) to a court's subject matter jurisdiction can be either a facial or factual attack. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). A facial attack—as it is denominated—challenges the sufficiency of the jurisdictional allegations in the complaint on their face. *Petruska v. Gannon University*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). A facial attack requires that a court "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs.* Inc., 220 F.3d at 176. In a factual attack, a court may consider evidence beyond the complaint and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortensen*, 549 F.2d at 891.

### III.   DISCUSSION

Defendants make a facial challenge under Rule 12(b)(1), disputing that Plaintiff adequately pleaded any action arising under federal law. (Dkt. No. 8 at 2). For purposes of the Motion, Defendant does not dispute the facts that Plaintiff alleges, only whether those facts support federal question jurisdiction. *See id.* (arguing that Plaintiff's facts as alleged do not support any federal cause of action). As such, the Court must view Plaintiff's complaint and documents referenced

5

therein and attached thereto, in the light most favorable to Plaintiff. *Gould Elecs., Inc.*, 220 F.3d at 176. Further, Plaintiff's pleadings are liberally construed, as *pro se* parties are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Elliott v. Akator Construction*, No. 2:21-cv-337, 2021 WL 3131215, at *1 (W.D. Pa. July 22, 2021). Plaintiff's alleged causes of action referencing federal or constitutional law are examined below, to determine whether federal question jurisdiction exists under 28 U.S.C. § 1331.

### A. Plaintiff's *Bivens* and § 1983 Claims

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court broke new ground, holding that a violation of the Fourth Amendment by a "federal agent acting under color of his authority gives rise to a cause of action for damages" for his unconstitutional conduct. 403 U.S. 388, 389 (1971); *Hernandez v. Mesa*, 140 S.Ct. 735, 741 (2020). The Supreme Court has since extended this private right of action to cover violations of the Fifth and Eighth Amendments. *See Hernandez*, 140 S.Ct. at 741 (explaining that the Court has interpreted *Bivens* to cover Fifth Amendment claims regarding "dismissal based on sex" and "a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment").

In his Complaint, Plaintiff alleges a *Bivens* cause of action based on a violation of his Fifth Amendment Due Process rights, Eighth Amendment right not to be subject to cruel and unusual punishment, and Fourteenth Amendment Equal Protection rights. (Dkt. No. 1 at 1-2). To bring a *Bivens* cause of action, however, the defendant must have been a person acting under color of federal law and his or her conduct must have violated the U.S. Constitution. *Martinez v. Francois*, Civil Action No. 2013-0102, 2015 WL 1283371, at *6 (D.V.I. Mar. 17, 2015) (citing *Schreane v. Seana*, 506 F. App'x 120, 123 (3d Cir. 2012)) (citation omitted). Thus, a *Bivens* cause of action does not lie for alleged wrongdoing by private actors. In his Opposition to the Motion to Dismiss, Plaintiff concedes that Defendants are "private actors/persons within the private business sector."

(Dkt. No. 10 at 6). Accordingly, *Bivens* does not create a federal cause of action under the circumstances here.

Plaintiff's claim under 42 U.S.C. § 1983 also fails to create a federal cause of action. Section 1983 is a codification of the Civil Rights Act of 1871. *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997). Like *Bivens*, it "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," and "'[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (alterations in original). Thus, a § 1983 action is similar to *Bivens*, except that the defendant must have been a person acting under color of *state or territorial law*. *See Martinez*, 2015 WL 1283371, at *6 (citing *Lepre v. Lukus*, 602 F. App'x 864, 869 (3d Cir. 2015)) (citation omitted) (emphasis added). As Plaintiff acknowledges, Defendants are "private actors/persons" "[who] are not controlled by the state." (Dkt. No. 10 at ¶¶ 23, 26). Accordingly, as with the *Bivens* claim, Plaintiff's Section 1983 claim must be dismissed and cannot serve as the basis for federal question jurisdiction.

### B. Plaintiff's FLSA Claim

Plaintiff also asserts a "Fair Labor Standard[s] Act violation." (Dkt. 1 at 3). In summarily dismissing this claim as a "putative violation[] of the Virgin Islands' Fair Labor Standards Act" and as a "local . . . statutory tort claim[]" (Dkt. No. 8 at 4), Defendants ignore Plaintiff's argument that his lawsuit includes a claim under the federal FLSA. (Dkt. No. 10 at 14). Under the federal FLSA, individuals may bring actions in federal courts to recover from employers who are alleged to have violated the Act. *See, e.g.*, *Bamgbose v. Delta-T Group, Inc.*, 684 F.Supp.2d 660, 663 (E.D. Pa. 2010) (alleging that the business misclassified plaintiffs as independent contractors—not covered by the FLSA—to, for example, "evade overtime compensation requirements under" the

law); *Colosimo v. Flagship Resort Development Corporation*, Civil Action No. 17-3969, 2019 WL 1349755, at *1 (D.N.J. Mar. 26, 2019) (providing class certification for an employee alleging a FLSA overtime violation who was required to execute "an Independent Contractor – Sales Agent Agreement, classifying Plaintiff as an independent contractor rather than an employee"). Having asserted a claim under which federal law creates the cause of action, the Court has subject matter jurisdiction to entertain the claim. *See Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012). Accordingly, Defendants' challenge to the Court's subject matter jurisdiction over the federal FLSA claim fails.

### C. Plaintiff's Territorial Law Claims

Plaintiff's remaining claims arise under Virgin Islands law. However, pursuant to 28 U.S.C. § 1367(a), when a district court has federal question or diversity jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005). In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts," and "[the] plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Pursuant to 28 U.S.C. § 1367(c) a district court may decline to exercise supplemental jurisdiction over a claim in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The local claims here satisfy both the "nexus" (common nucleus of operative facts) requirement and the "one proceeding" requirement. *Lyon*, 45 F.3d at 760. Plaintiff's claims—both the federal FLSA, and the local claims—revolve around the circumstances surrounding Plaintiff's employment status with Defendants and the attendant benefits. Further, none of the scenarios under which a district court may decline to exercise supplemental jurisdiction over local claims exist here. Accordingly, the Court has supplemental jurisdiction over the local claims.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's *Bivens* and Section 1983 claims do not constitute federal causes of action which vest subject matter jurisdiction in this Court. This Court does, however, have subject matter jurisdiction over Plaintiff's federal FLSA claim and supplemental jurisdiction over Plaintiff's local claims. The Court will therefore grant in part, and deny in part, Defendant's Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 26, 2021 _____/s/_____
WILMA A. LEWIS
District Judge